UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Lonn Alan Giles,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-378(1) ADM/LIB

_____

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Robert W. Owens, Jr., Esq., Owens Law, L.L.C., Bloomington, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Lonn Alan Giles' ("Giles") Motions for Compassionate Release [Docket Nos. 372, 382].[1] Giles requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the Motions are denied.

## II. BACKGROUND

In July 2014, Goodhue County Sheriff's Investigators were monitoring jail calls when they determined that Giles, who was then a jail inmate serving a state sentence for three prior felony drug convictions, was coordinating the sale and distribution of methamphetamine. Presentence Investigation Report ("PSR") ¶¶ 14, 102, 104, 105, 107. Giles would place calls to co-conspirators outside the jail and instruct them to pick up methamphetamine from one contact

---

[1] Giles filed his first Motion pro se and requested the assistance of an attorney. Counsel was appointed, and Giles' attorney filed a second Motion on his behalf.

and distribute it throughout Minnesota and parts of North Dakota. Id. ¶ 15.

On November 18, 2014, a grand jury returned a five-count indictment against Giles and seven co-defendants. Indictment [Docket No. 1]. The Indictment charged Giles in Count 1 with conspiracy with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Id.

On February 2, 2015, Giles entered a plea of guilty to Count 1 of the Indictment. Min. Entry [Docket No. 169]; Plea Agreement [Docket No. 170]. Giles was sentenced in May 2015 to a term of 240 months. Min. Entry [Docket No. 203]; Sentencing J. [Docket No. 204]. The sentence was a downward departure from the applicable guidelines range of 262 to 327 months. Statement Reasons [Docket No. 205] at 1, 4.

Giles is incarcerated at the federal correctional institution in Forrest City, Arkansas ("FCI Forrest City Low") and has completed approximately one-third of his sentence. See Gov't Ex. [Docket No. 385] at 2. His projected release date is May 19, 2032. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 3, 2021). While in custody, Giles has obtained his GED, completed a drug education program, and works as an orderly. Mem. Supp. Mot. [Docket No. 383] Ex. 1.

Giles tested positive for COVID-19 on two occasions in May of 2020. Gov't Ex. at 9. He has fully recovered. Id. He received both doses of the Moderna vaccine in February 2021. Id. at 28.

Giles now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Giles, age 50, argues that he suffers from obesity, hypertension, hyperlipidemia (high cholesterol), type 2 diabetes, sleep apnea, and gastro-esophageal reflux disease. He contends that these conditions

2

make him particularly vulnerable to severe illness or death if he were to again contract COVID-19. He also contends that the close confines in prison prevent him mitigating the risk of contracting COVID-19 because social distancing is nearly impossible. Giles argues that these circumstances constitute extraordinary and compelling reasons that warrant his release.

The Government opposes Giles' Motions, arguing that no extraordinary and compelling circumstances exist because Giles previously had an asymptomatic case of COVID-19 and recovered without incident, and is now fully inoculated against the virus. The Government further argues that the sentencing factors in 18 U.S.C. § 3553(a) militate against reducing Giles' sentence.

### III. DISCUSSION

**A. Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

3

not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement." U.S.S.G. § 1B1.13 comment n.3. The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

## B. Analysis

### 1. Exhaustion

The parties agree that Giles has satisfied the exhaustion requirement because he filed a request for release with the Warden of his facility in August 2020 and again on March 15, 2021 and did not receive a response. See Mot. [Docket No. 372] at 1; Mem. Supp. Mot. Ex. 3; Gov't Resp. Opp'n [Docket No. 384] at 8 n.2. His Motions are therefore ripe for review.

### 2. No Extraordinary and Compelling Reasons

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16-0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19-112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10,

4

2020)); accord United States v. Ramirez, No. 17-10328 (WGY), 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Giles argues that his medical conditions place him at significant risk of serious illness should he become reinfected with COVID-19. However, any risk to Giles has been substantially reduced because he is now fully vaccinated. Giles received his first dose of the Moderna vaccine on January 11, 2021, and the second dose on February 3, 2021. See Gov't Ex. at 28. Giles' vaccination provides him with significant protection against severe illness or death from COVID-19 should he become reinfected.[2] As a result, Giles' health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons warranting a sentence reduction. See United States v. Rodriguez, No. 15-CR-0254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus"); United States v. Singh, No. 4:15-CR-028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and type 2 diabetes where inmate had received both doses of Moderna vaccine, and noting that the denial was "in accord with the vast majority of courts that have considered this issue"); United States v. Grummer, No.

---

[2] The Federal Drug Administration ("FDA") has determined that the Moderna vaccine is 94% effective in preventing COVID-19. See FDA Emergency Use Authorization Letter, https://www.fda.gov/media/144636/download (last visited May 3, 2021).

5

08-4402, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release to defendant with chronic medical conditions where defendant had been fully vaccinated against COVID-19).

In addition to his vaccination, Giles' successful recovery after a positive COVID-19 test provides him with some natural immunity and lessens his risk of re-infection. The CDC states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited May 3, 2021). Thus, Giles' prior infection is an additional basis for concluding that his health conditions are not extraordinary and compelling. See United States v. Godoy-Machuca, No. 1601508001, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021) (holding that defendant with type 2 diabetes, hypertension, obesity, and other ailments had not shown extraordinary and compelling reasons for release because defendant had contracted and recovered from COVID-19 and was also fully vaccinated); United States v. Ballenger, No. 16-5535, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); Rodriguez, 2021 WL 1187149, at *2 (denying compassionate release where defendant was previously infected with COVID-19, had recovered, and was vaccinated); Williams, 2021 WL 1087692, at *3 (same).

Giles also has not shown a particularized risk of contracting COVID-19 at FCI Forrest City Low. There is currently only one inmate infected with COVID-19 and no staff infections at the facility. See Federal Bureau of Prisons, COVID-19 Coronavirus,

6

https://www.bop.gov/coronavirus/ (last visited May 3, 2021).  Moreover, as of the date of this Order, 212 staff members and 1351 inmates at the Forrest City complex have been fully vaccinated against COVID-19.  Id.

Because Giles is vaccinated against COVID-19, has some natural immunity to the virus, and is incarcerated at a facility with only one active COVID-19 infection, his medical conditions are not extraordinary and compelling reasons for his release.

### 3. Sentencing Factors

Even if Giles could show extraordinary and compelling circumstances, the Motions would be denied because the sentencing factors in § 3553(a) weigh against Giles' release.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

The nature and circumstances of the offense warrant a sentence of 240 months, even when considering Giles' medical conditions and the pandemic.  Not only did Giles supervise a drug trafficking conspiracy involving large quantities of methamphetamine, he did so while incarcerated in state prison for three prior felony drug convictions.  Releasing Giles after he has served approximately one third of his sentence would not reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence for the crime committed.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Lonn Alan Giles' Motions for Compassionate Release [Docket Nos. 372, 382] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  May 3, 2021